UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 4:93-186 (JMR)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | OPPOSITION OF THE UNITED |
| Plaintiff, ) | STATES TO DEFENDANT'S |
| ) | MOTION TO REDUCE |
| v. ) | SENTENCE PURSUANT TO |
| ) | 18 U.S.C. § 3582(c)(2) |
| WESLEY NORVETTE HAWKINS, ) | |
| ) | |
| Defendant. ) | |

Defendant Wesley Norvette Hawkins, a career offender, was convicted of crack cocaine and gun offenses after a jury trial in 1994. He now seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the retroactive crack cocaine guideline amendment. His motion should be denied because, as a career offender, Hawkins is not eligible for a sentence reduction.

In a decision issued on July 7, 2009, the Eighth Circuit reaffirmed that a defendant sentenced as a career offender is not eligible for a sentence reduction under the retroactive guideline amendment because that person's career offender guideline range is unaffected by the amendment. United States v. Tolliver, 2009 WL 1919617 at *3 (8th Cir. July 7, 2009). This is true even when the District Court departed from the career offender guideline range in sentencing the defendant. Id. The Eighth Circuit expressly declined to follow the Second Circuit's contrary decision in United States v. McGee, 553 F.3d 225 (2d Cir. 2009) (per

curiam), relied on by Hawkins at pages 15-18 of his memorandum. Id. at *4.

Tolliver is dispositive of Hawkins' motion. It is undisputed that Hawkins was a career offender and that the Court treated him as such at the time of sentencing. The Court did not depart from the career offender guideline range of 262-327 months either at the original sentencing, or at the resentencing that was necessitated by the Supreme Court's intervening decision in Bailey v. United States, 516 U.S. 137 (1995), which required dismissal of the count charging use of a firearm in connection with a drug trafficking offense. Although the Court expressed reservations about the length of the sentence, the Court followed the law. While the rules have changed in the interim for non-career offenders, they remain the same for career offenders as the Eighth Circuit has just ruled. Accordingly, there is no basis upon which to modify Hawkins' sentence and his motion should be denied.

Dated: July 9, 2009                  Respectfully submitted,

                                     FRANK J. MAGILL, JR.
                                     Acting United States Attorney

                                     *s/Jeffrey S. Paulsen*

                                     BY: JEFFREY S. PAULSEN
                                     Assistant U.S. Attorney
                                     Attorney ID Number 144332